**SO ORDERED.**

**SIGNED this 17 day of October, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Designated for on-line use but not print publication.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **SIMON GEORGE WAJCMAN,** | CASE NO. 10-22206 |
| | CHAPTER 13 |
| DEBTOR. | |
| **SIMON GEORGE WAJCMAN,** | |
| PLAINTIFF, | |
| v. | ADV. NO. 11-6196 |
| **THE CROSSINGS CONDOMINIUMS ASSOCIATION and THE TIEHEN GROUP, INC.,** | |
| DEFENDANTS. | |

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS

Debtor Simon George Wajcman (hereafter "Debtor") commenced this adversary proceeding against Defendants The Crossings Condominiums Association, a not-for-profit corporation, and The Tiehan Group, Inc., the leasing agent for The Crossings Condominiums (hereafter "The Crossings"), contending that Defendants violated the stay of 11 U.S.C. § 362 when undertaking efforts to collect postpetition condominium assessments and related charges from Debtor. Defendants move to dismiss for failure to state a claim on which relief may be granted. Debtor appears by Maurice B. Soltz of Maurice B. Soltz, APC. Defendants appear by Rod Hoffman of Slagle, Bernard & Gorman, a Professional Corporation. There are no other appearances. The Court has jurisdiction.[1]

**FINDINGS OF FACT.**

The Court makes the following findings of fact based upon the pleadings, the attachments to the pleadings, and the record in Debtor's Chapter 13 bankruptcy case.

Debtor filed for relief under Chapter 13 on June 29, 2010. His Schedule A shows ownership of his residence, Unit 118 in The Crossings Condominiums, located in Overland Park, Kansas, subject to secured claims in excess of its value. A creditor with a claim secured by the property was granted relief from stay on August 18, 2010, and a

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to § 157(b)(2)(A) and (O). There is no objection to jurisdiction over the parties or venue.

2

foreclosure action was filed. Debtor's 36-month Chapter 13 plan was confirmed on August 23, 2010.[2] It delays re-vesting of property of the estate in Debtor until following dismissal or discharge, and after approval of the Trustee's Final Report and Account by the Court. Debtor moved out of the condominium property on December 5, 2010, at which time he alleges the condominium fees were current. An order of discharge has not been entered.

      Thereafter, without seeking relief from stay, Defendants attempted to collect condominium dues, water charges, and late fees from Debtor. Debtor alleges that on July 24, 2010, he received a bill from The Crossings for association fees. Debtor was sent a late notice by The Crossings for $208.66 due as of December 22, 2010. Debtor's counsel by letter dated January 7, 2011, advised The Crossings of the bankruptcy filing and asserted attempts to collect violated the automatic stay. Another late notice, for $427.90 due as of January 31, 2011, was sent to Debtor. Debtor's counsel responded with a letter dated February 11, 2011. By letter dated April 25, 2011, addressed to Debtor, counsel for Defendants made a final demand for payment for $1,075.62. Debtor's counsel again responded asserting that "your letter and your threat of suit against my client is a violation of the 'automatic stay' and is actionable." Defendants' counsel responded by letter dated May 26, 2011, asserting that it was not his intent to violate the stay but that as long as Debtor was the owner of the property, he was liable for the fees, which are excepted from

---

[2] Case No. 10-22206, Dkt. No. 26.

discharge. On July 29, 2011, Defendant The Crossings filed suit against Debtor under chapter 61 of the Kansas statues in the District Court of Johnson County, Kansas.

Debtor filed the adversary Complaint on August 9, 2011. He contends that the § 362(a) stay was violated by sending demands for payment after January 7, 2011, by sending the letter dated April 25, 2011, and by filing the suit against Debtor. Each correspondence is alleged to be an intentional violation of the stay. The prayer is for actual damages (in an unspecified amount), punitive damages, and an award of costs and attorney fees. Defendants move to dismiss for failure to state a claim, essentially arguing that the stay was not violated because the fees in issue are nondishargeable under § 523(a)(6).

**ANALYSIS.**

Generally, the filing of a petition operates to impose a stay of actions against the debtor to collect prepetition claims, the enforcement against the debtor or against property of the estate of a judgment obtained prepetition, and any act to collect, assess, or recover a claim against the debtor that arose prepetition.[3] However, "Actions on claims that arise after the commencement of the case are not stayed."[4] Therefore the stay does not apply to litigation against a debtor on claims which arose post-petition.[5] The association fees and

---

[3] 11 U.S.C. § 362(a)(1), (2), and (6).

[4] 3 *Collier on Bankruptcy*, ¶ 362.03[3](c) (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2011).

[5] *Garrett v. Cook,* 652 F.3d 1249, 1255 (10th Cir. 2011) (citing *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991)).

related charges which Defendants sought to collect from Debtor by letter, notices of past due fees, and the filing of suit are all for periods of time after the commencement of the Chapter 13 case. The stay of § 362(a) does not apply to attempts to collect these claims from Debtor.

However, the stay generally applies to satisfaction of a judgment for a postpetition claim against a Chapter 13 debtor.[6] The stay of § 362(a)(3) applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."[7] In a Chapter 13 case, property of the estate includes, in addition to the property as of commencement of the case specified in § 541, all earnings of the debtor and all property of the kind specified in § 541 acquired after commencement of the case and before the case is closed, dismissed, or converted to another chapter.[8] Further, the stay of § 362(a)(3) continues until such property is no longer property of the estate.[9] The confirmation order in this case provides that property of the estate shall re-vest in Debtor following dismissal or discharge, after approval of the Trustee's final report and account by the Court. Therefore, assuming The Crossings obtains a judgment against Debtor, relief from stay would be required prior to any attempt to enforce the judgment undertaken before these conditions for re-vesting are satisfied.

---

[6] 3 *Collier on Bankruptcy*, ¶ 362.03[3](c).

[7] 11 U.S.C. § 362(a)(3).

[8] 11 U.S.C. § 1306(a).

[9] 11 U.S.C. § 362(c)(1).

5

Although the foregoing provides the basis for holding that the stay has not been violated, one more matter warrants comment. When moving to dismiss the Complaint, Defendants rely upon § 523(a)(16), which excepts from discharge fees and assessments that become due postpetition with respect to a debtor's interest in a dwelling unit that has condominium ownership for the period of time that the debtor or trustee has an ownership interest in the unit. Defendants argue that the fees in issue are nondischargeable because, although Debtor moved out of the unit on December 5, 2010, his ownership interest was not terminated for the periods for which the fees are sought since the foreclosure action had not been completed. Debtor in his response to the motion to dismiss does not argue that the fees are dischargeable. Nevertheless, the Court finds that the nondischargeability of the fees does not provide a defense to the allegation of violation of the § 362 stay. It is the scope of the stay and its nonapplicability to postpetition obligations that provides a defense to the Complaint. As found above, § 362(a) does not stay actions by Defendants to attempt collection of the postpetition assessments from Debtor, including the filing of suit. However, the stay does bar any attempt to collect the fees or enforce a judgment from property of the estate.

**CONCLUSION.**

For the foregoing reasons, the Court finds that the Complaint fails to state a claim upon which relief may be granted. As a matter of law, the stay of § 362(a) does not apply to actions, including the filing of suit, to collect postpetition claims from Debtor. However, until the conditions for re-vesting of estate property in Debtor are satisfied,

6

relief from stay would be required for any actions to satisfy the claim from property of the estate, which includes property acquired and wages earned postpetition.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.  A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 7058 which makes Federal Rule of Civil Procedure 58 applicable to this proceeding.

**IT IS SO ORDERED.**

# # #